# United States Court of Appeals
## For the First Circuit

No. 23-1243

RYAN WELTER, M.D., PH.D.,

Plaintiff - Appellant,

v.

MEDICAL PROFESSIONAL MUTUAL INSURANCE COMPANY, d/b/a Coverys,
JOSEPH DICKERSON; GREGG HANSON; BRENDA RICHARDSON,

Defendants - Appellees.

Before

Kayatta, Gelpí and Montecalvo,
Circuit Judges.

**JUDGMENT**

Entered: February 29, 2024

On appeal from the District Court for the District of Massachusetts, Appellant Ryan Welter challenges various rulings by the magistrate judge and the district court, which, in most relevant part, denied appellant's motion to remand the underlying action to state court, dismissed with prejudice appellant's claims invoking federal law, and remanded to state court appellant's claims invoking state law. We conclude that we may exercise jurisdiction over the appeal. See generally 28 U.S.C. § 1291.

We begin with the district court's denial of the motion to remand to state court. Appellant argued that the removal of the underlying case to federal district court had been untimely under 28 U.S.C. § 1446(b). This issue of timeliness is not jurisdictional in nature. See Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st Cir. 2014) (instructing that "the 30 day time limit is not jurisdictional"). We thus have no obligation to inquire into this issue sua sponte and rely on the arguments of the appellant in assessing whether the district court erred. See Berrios Rivera v. Brit. Ropes, Ltd., 575 F.2d 966, 969 (1st Cir. 1978) ("[I]t is the burden of the appellants to demonstrate that the ruling of the district court was erroneous.").

We are not persuaded that the removal was untimely. See id. Where "the case stated by the initial pleading is not removable," the statutory clock for removal begins to run only "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, while the matter was pending in state court, appellant filed an original complaint, a first amended complaint, and, with leave of court, a second amended complaint. Neither the original complaint nor the first amended complaint was removable. See Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) (describing the "well-pleaded complaint rule" as being a "shorthand nomenclature" for the necessity for "the federal question to be stated on the face of the plaintiff's well-pleaded complaint"). The second amended complaint did include claims invoking federal law and thus was capable of rendering the case removable. See id.; see also 28 U.S.C. § 1446(b)(3). The operative notice of removal was filed within 30 days of the state court's grant of the motion to amend and resulting acceptance of the second amended complaint but was not filed within 30 days of service on appellees of the motion for leave to amend and proposed second amended complaint. Appellant argues that the removal was untimely because the service of the motion for leave to amend and *proposed* second amended complaint started the 30-day clock to remove under 28 U.S.C. § 1446(b)(3), irrespective of when the state court actually granted leave to amend. However, so long as the first amended complaint remained operative for removal purposes, the case was not removable, and mere service of the proposed second amended complaint and accompanying motion for leave to amend did not automatically transform the proposed second amended complaint into the operative complaint. Cf. ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91-95 (1st Cir. 2008) (explaining that "[a]n amended complaint, *once filed*, normally supersedes the antecedent complaint" and suggesting that "judicial intervention" is required in order to render an amended complaint operative if the amended complaint "was [not] filed as of right") (emphasis added).

Consistent with the foregoing, when rejecting appellant's theory as to when the removal period had begun, the district court cited decisions expressly holding that, in a previously unremovable action, the injection of claims encompassed by the federal-question-jurisdiction provision at 28 U.S.C. § 1331 will trigger the 30-day clock to remove under 28 U.S.C. § 1446(b)(3) only if and when the state court has granted the motion to amend the operative complaint to add the federal claims. See Freeman v. Blue Ridge Paper Prods., Inc., 551 F.3d 405, 410 (6th Cir. 2008); Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language [] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed.").

In sum, the service of the motion for leave to amend and proposed second amended complaint did not start the statutory clock for a timely removal and thus did not render the subsequent removal untimely. Appellant's other theories for why removal was untimely are also

unavailing. Thus, we conclude that appellant has failed to demonstrate error in the district court's conclusion that removal was timely accomplished in this case.

Appellant separately has offered no availing challenge either to the procedural handling of his federal claims or to the merits of the district court's reasoning for dismissing the federal claims. We further discern no reversible error based on the other arguments appellant develops on appeal. Appellant's motions, requests for oral argument and a published opinion, and any other requests, to the extent not mooted by the foregoing, are **DENIED**. The judgment is **AFFIRMED**. <u>See</u> Local Rule 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Ryan Welter
Geoffrey M. Raux
Michael R. Stanley